IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KYREE SLOCUM, :
:
                Plaintiff, :     CIVIL ACTION NO. 16-5961
:
v. :
:
PHILADELPHIA DISTRICT ATTORNEY :
OFFICE, ATTORNEY GENERAL :
OF PA, TERESA DELDALSO, and :
COMMONWEALTH OF :
PENNSYLVANIA, :
:
                Defendants. :

## ORDER

**AND NOW**, this 16th day of May, 2019, after considering the revised petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Kyree Slocum (Doc. No. 3) and United States Magistrate Judge Henry S. Perkin's report and recommendation (Doc. No. 23); accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to remove this action from civil suspense and **RETURN** it to the court's active docket;

2. The Honorable Henry S. Perkin's report and recommendation (Doc. No. 23) is **APPROVED** and **ADOPTED** with the clarifications listed in the footnote below;[1]

---

[1] Since neither party filed objections to Magistrate Judge Perkin's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Magistrate Judge Perkin's report for plain error and has found none.

    Nonetheless, the court seeks to clarify two points. First, the report and recommendation does not consider the petitioner's claims regarding the lack of an identifiable fingerprint on the murder weapon and that his counsel was ineffective for failing to request hospital records on the merits, because the petitioner did not exhaust those claims before the state courts. *See* R. & R. at 12, 34, Doc. No. 23. It is worth noting that the petitioner asserts in the revised petition that he raised these claims before the PCRA court. *See* Rev. Pet. for Writ of Habeas Corpus at 8–9, 12, Doc.

3. The petitioner's revised petition for a writ of habeas corpus (Doc. No. 3) is **DENIED**;

4. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

5. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

No. 3. The court has reviewed the counseled motion for post-conviction collateral relief and determined that the petitioner did not raise these claims in the PCRA proceedings. Thus, the report and recommendation is correct to consider them unexhausted. Second, although not listed as a ground for relief in the revised petition for a writ of habeas corpus, the petitioner appears to allege that PCRA counsel was ineffective on several grounds in his memorandum in support of the petition. *See* Mem. of Law Pursuant to 28 U.S.C. § 2254 at ¶¶ 10–11. To the extent the petitioner seeks to assert such a claim, he cannot do so on federal habeas review of a state incarceration. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").